## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-7119 PA (PLAx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | Curtis Watson v. SEIU-UHW, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants SEIU-UHW, Marcus Hatcher, and Veronica Chavez (collectively "Defendants") on September 22, 2016.  Defendants contend that the Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the Complaint filed by plaintiff Curtis Watson ("Plaintiff").  Specifically, Defendants' Notice of Removal asserts that this Court's jurisdiction is based on § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.

### I.   Background

Plaintiff, who is appearing pro se, filed his Complaint in Los Angeles Superior Court on August 23, 2016.  Plaintiff's Complaint appears to allege a claim for breach of contract.  However, the Complaint was prepared using a form complaint created by the Judicial Council of California and does not allege any facts.  Defendants' Notice of Removal acknowledges that Plaintiff's Complain lacks "any factual allegations" but nevertheless contends that "it is clear . . . that Plaintiff is attempting to complain about a '"breach of contract"' and that the "only 'contract' that Plaintiff could be referring to is either the Collective Bargaining Agreement between his employer and SEIU-UHW or the SEIU-UHW Constitution."  (Notice of Removal ¶ 10.)  According to Defendants, "resolution of the Plaintiff's claim will require a determination of the Union's and employer's obligations to the Plaintiff under the terms of the Collective Bargaining Agreement" and is therefore preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  (Id.)  Defendants similarly assert that if Plaintiff is suing under the SEIU-UHW Constitution, "then resolution of Plaintiff's claims will also require the analysis, application, and interpretation of the Union's Constitution and By-Laws."  (Id.)  Finally, while admitting that Plaintiff "does not directly allege" a claim that the SEIU-UHW breached its duty of fair representation, Defendants contend that such a claim, were it to exist, would be subject to the same LMRA preemption analysis.  (Id.)

### II.   Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7119 PA (PLAx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | Curtis Watson v. SEIU-UHW, et al. | | |

removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

**III.    Analysis**

Defendants have not asserted a satisfactory basis for this Court's jurisdiction.  Defendants claim the Court has federal question jurisdiction over this case because the action arises under federal law, namely § 301 of the LMRA.  Section 301 of LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ."  29 U.S.C. § 185(a).  The Supreme Court has interpreted § 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985).  This preemption of state claims extends "beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.  Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id.  However, the scope of § 301 preemption is not absolute:

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-7119 PA (PLAx) | Date | September 26, 2016 |
| Title | Curtis Watson v. SEIU-UHW, et al. | | |

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12, 105 S. Ct. 1911-12, 85 L. Ed. 2d 206. "[T]o help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed. 2d 93 (1994).

"[E]ven if dispute resolution pursuant to a [collective bargaining agreement], on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409-10, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988). Accordingly, preemption under § 301 requires a two-step analysis. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the right is conferred by a collective bargaining agreement, preemption applies. Id. If the right is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation marks omitted). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by § 301. Id. at 1060; see also Detabali v. St. Luke's Hospital, 482 F.3d 1199, 1203 (9th Cir. 2007) (internal quotation marks omitted) ("The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim.").

Here, the Complaint contains no factual allegations. The Court therefore cannot determine if Plaintiff's claims are preempted by the LMRA and if the Court therefore possesses subject matter jurisdiction over this matter. Nor is there any way for the Court to determine if Plaintiff's claims will

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 16-7119 PA (PLAx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | Curtis Watson v. SEIU-UHW, et al. | | |

require the Court merely to "look to" the CBA rather than interpret it. Moreover, while Plaintiff may attempt to assert a claim alleging the SEIU-UHW's breach of its duty to fair representation, the Complaint has not done so. As a result, Defendants have failed to satisfy their burden to establish this Court's subject matter jurisdiction.

## Conclusion

The Court therefore concludes that Defendants have failed to satisfy their burden to establish that § 301 of the LMRA preempts Plaintiff's state-law claim or any other basis to confer federal question jurisdiction. For the foregoing reasons, the Court remands this action to Los Angeles Superior Court, Case No. BC 631517 for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.